ORIGINAL

**FILED**

10/04/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0526

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### OP 22-0526

JARED DECACCIA,

Petitioner,

v.

SARGEANT BRADLEY BRAGG, LEWIS &
CLARK COUNTY DETENTION CENTER,

Respondent.

**O R D E R**

FILED

OCT 0 4 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Jared DeCaccia petitions for a writ of habeas corpus, claiming his incarceration is illegal because he has not seen either a judge or hearings officer despite the law that "clearly states the State of Montana has 72 hours to have me in front of a judge or hearings officer" on a parole violation. DeCaccia requests his release.

DeCaccia is not entitled to his release. The Montana law that he mentions is § 46-23-1023(4), MCA, providing that a parole violator have an initial hearing within 72 hours of arrest. This statute does not apply to DeCaccia because he was charged in a court of law with another offense. Section 46-23-1024(1)(b), MCA.

We secured copies of recent criminal docket sheets from the Lewis and Clark County District Court. The State of Montana charged DeCaccia with several felonies in three separate cases in July and August of 2022. DeCaccia has counsel to represent him.

DeCaccia's rights as a parolee are defined in Montana statutes. After his arrest, DeCaccia was not entitled to an initial hearing regarding probable cause for a parole revocation because he "has been charged in any court with a violation of the law[.]" Section 46-23-1024(1)(b), MCA. These new criminal allegations constitute non-compliance violations of DeCaccia's parole, and he may be held in custody without bond pending the disposition of his criminal cases. *See* §§ 46-23-1001(3)(a), 46-23-1023(3), and 46-23-1024(6), MCA.

Habeas corpus affords an applicant an opportunity to challenge collaterally the legality of his present incarceration. Section 46-22-101(1), MCA. DeCaccia has not demonstrated illegal incarceration, and he is not entitled to relief through this remedy.

IT IS THEREFORE ORDERED that DeCaccia's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to: the Honorable Kathy Seeley, First Judicial District Court; Angie Sparks, Clerk of District Court, under Cause Nos. DC-22-329, DC-22-353, and DC-22-400; Mary Barry, Deputy County Attorney; Victor N. Bunitsky, Defense Counsel; Spencer Harris, Defense Counsel; counsel of record, and Jared DeCaccia personally.

DATED this 4 day of October, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

2